# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 25-CV-20902-BECERRA/TORRES

CARMEN A. HALABI, *et al.*,

     Plaintiffs,

v.

MEGA BANK,

     Defendant.

_____/

## ORDER ON MOTION FOR LEAVE TO AMEND COMPLAINT

This cause comes before the Court on Plaintiffs' Motion for Leave to File a First Amended Complaint, and to file that First Amended Complaint under seal. [D.E. 53]. Defendants filed a response to the Motion [D.E. 55], to which Plaintiffs replied. [D.E. 56]. The Motion, therefore, is ripe for disposition. After careful review of the briefing and relevant authorities, and for the reasons set forth below, Plaintiffs' Motion is **GRANTED in part** and **DENIED in part**.[1]

---

[1] On August 28, 2025, the Honorable Jacqueline Becerra referred this matter to the Undersigned Magistrate Judge for disposition. [D.E. 70].

## *I.     BACKGROUND*

This case centers on an alleged fraudulent scheme launched against Plaintiffs and permitted and aided by Defendant, Mega Bank. Specifically, Plaintiffs allege that a group of scammers wrongfully procured $950,000 of Plaintiffs' money, and Defendant helped facilitate that scam.

In the pending Motion, Plaintiffs seek to amend their Complaint, both to add the individual scammers as defendants and to add several claims.

In their response, Defendant does not oppose the amendment request, nor does it disagree with Plaintiffs' general right to amend the Complaint. Rather, Defendant argues that the Court should first rule on Defendant's pending motion to dismiss, because it (1) requests transfer, and (2) argues that the Court lacks jurisdiction. Defendant also requests that the Court proactively bar Plaintiffs from ever amending their Complaint again.

## *II.     APPLICABLE PRINCIPLES AND LAW*

Federal Rule of Civil Procedure 15(a) governs amendments to pleadings.  A party may amend any pleading once as a matter of right before a responsive pleading has been filed or within twenty-one (21) days after serving the pleading if no responsive pleading is allowed.  *See* Fed. R. Civ. P. 15(a)(1).  In all other situations, the amending party must obtain written consent from the opposing party or leave of the court to amend the pleading.  *See* Fed. R. Civ. P. 15(a)(2).  The rule declares that leave to amend "shall be freely given when justice so requires."  *Id*.  If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he

ought to be afforded an opportunity to test his claim on the merits. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

Any amendments leading to a modification of the required pretrial scheduling order are subject to a "good cause standard of scrutiny." *See* Fed. R. Civ. P. 16(b)(4). That means that, after the deadline for amending pleadings set forth in a scheduling order has passed, the party seeking the amendment must show good cause on why leave to amend the complaint should be granted. *See, e.g., Ray v. Equifax Info. Servs., LLC*, 2009 WL 977313, at *1 (11th Cir. 2009) (citing *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998)). A district court need not allow an amendment where allowing the amendment would cause undue prejudice to the opposing party. *See Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001).

Of course, the grant or denial of an opportunity to amend is within the discretion of the district court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules. *Id*. In the absence of any apparent or declared reason the leave sought should, as the rules require, be "freely given." *Id*. Substantial reasons justifying a court's denial of a request for leave to amend include undue delay, bad faith, or dilatory motive on the part of the movant, and repeated failure to cure deficiencies by amendments previously allowed. *See, e.g., Well v. Xpedx*, No. 8:05-2193-CIV, 2007 WL 1362717, at *1 (M.D. Fla. May 7, 2007) (citing *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1319 (11th Cir. 1999)).

Even when an amendment is sought as a result of new information obtained during discovery, it is not an abuse of discretion to deny leave to amend if the moving party unduly delays pursuit of the amended pleading.  *See, e.g., United States v. $172,760 in U.S. Currency*, No. 7:06-51-CIV, 2007 WL 1068138 (M.D. Ga. Apr. 5, 2007).  Additionally, a district court may properly deny leave to amend when an amendment would be futile.  *See Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262–263 (11th Cir. 2004); *see also Eveillard v. Nationstar Mortg. LLC*, No. 14-61786-CIV, 2015 WL 1191170, at *6 (S.D. Fla. Mar. 16, 2015) ("The law in this Circuit is clear that 'a district court may properly deny leave to amend the complaint under Rule 15(a) when such amendment would be futile.'") (quoting *Hall*, 367 F.3d at 1263).  "When a district court denies the plaintiff leave to amend a complaint due to futility, the court is making the legal conclusion that the complaint, as amended, would necessarily fail."  *St. Charles Foods, Inc. v. Am.'s Favorite Chicken Co.*, 198 F.3d 815, 822 (11th Cir. 1999).  This determination is akin to a finding that the proposed amendment would not survive a motion to dismiss.  *See Christman v. Walsh*, 416 F. App'x 841, 844 (11th Cir. 2011) ("A district court may deny leave to amend a complaint if it concludes that the proposed amendment would be futile, meaning that the amended complaint would not survive a motion to dismiss.").

## III.   ANALYSIS

We will first assess whether amendment should be permitted, and will then address Plaintiffs' motion to file under seal.

### A. *Leave to Amend is Permitted*

Defendant does not oppose amendment. Rather, Defendant argues that its pending motion to dismiss should be decided before this Motion for Leave to Amend. In its motion to dismiss, Defendant argues both that this case should be transferred to the Central District of California, and, relatedly, that the Court lacks personal jurisdiction over Defendant under Rule 12(b)(2). Consequently, because these issues could dispose of the case altogether, Defendant argues that these issues should be decided first.

Plaintiffs, meanwhile, argue that jurisdiction and venue should not be decided without supplemental briefing on the issue (for which Plaintiffs have sought leave to file), or without Plaintiffs' proposed new allegations. To that end, Plaintiffs argue that recently-acquired discovery—which is incorporated in the allegations of Plaintiffs' proposed First Amended Complaint—helps demonstrate the Court's personal jurisdiction over Defendant. It further alleges Plaintiffs' Florida domicile, which, in Plaintiffs' view, undermines transfer. Thus, because the First Amended Complaint seeks to address the deficiencies identified in the pending motion to dismiss, Plaintiff argues that amendment is appropriate.

We agree with Plaintiffs that, given their proposed First Amended Complaint offers allegations that ostensibly strengthen personal jurisdiction and undermine transfer, it makes sense to permit amendment before assessing any argument to dismiss or transfer. Notably, Defendant does not provide supporting authority for why (outside of the Court's general discretion) the Court should first decide the

5

motion to dismiss/transfer. And to the contrary, courts generally prefer to provide an opportunity for amendment before deciding a motion to dismiss—particularly where, as in this case, amendment is sought before the Court's deadline and the plaintiff has not previously amended the complaint. *See, e.g., Reimer v. Highland Health Direct, LLC*, No. 0:23-CV-60237-WPD, 2023 WL 5955460, at *1 (S.D. Fla. July 14, 2023) ("The Court will grant Plaintiff leave to amend and deny Defendants Highland Health Direct, LLC and Ian McAuslin's motions to dismiss as moot without prejudice to Defendants raising all relevant arguments against Plaintiff's Second Amended Complaint. This case is at its infancy, and Plaintiff acted promptly to amend in response to the motions to dismiss. While Defendants raise numerous issues in the motions to dismiss, including the sufficiency of service on Defendant Highland Health Direct, LLC, the Court finds it more efficient to address any arguments in favor of dismissal on a motion to dismiss Plaintiff's Second Amended Complaint."); *Freeman v. JPMorgan Chase Bank, N.A.*, No. 614CV121ORL22KRS, 2015 WL 12838808, at *1 (M.D. Fla. Jan. 21, 2015) (declining to address pending motion to dismiss before amendment and concluding that "[w]hile the court may deny a motion to amend on numerous grounds, including futility of the amendment, the Court is reluctant to analyze the sufficiency of these pleadings under the rubric of futility. This is particularly true here where (1) Plaintiff has now sought to add factual allegations in two different motions and (2) Plaintiff indicates that not all of the proposed factual allegations are even in his second 'proffer.' The Court finds it preferable to address all of the issues raised in response to a single revised pleading with all of Plaintiff's

6

allegations."); *CarieRx LLC v. Healixa, Inc.*, No. 6:21-CV-1917-WWB-LHP, 2022 WL 19914515, at *1 (M.D. Fla. Mar. 15, 2022) (permitting amendment where "Defendant in essence seeks to litigate the merits of its motion to dismiss in response to the request for leave to amend").

Further, the Court denies Defendant's request to prohibit Plaintiffs to amend their Complaint at any point in the future. If Plaintiffs seek future amendment, the Court will rule on the merits of that particular motion. The Court does not find sufficient support to altogether prohibit future motions to amend.

### B. *Filing under Seal*

Plaintiffs also request that they be permitted to file their First Amended Complaint under seal. As cause, Plaintiffs argue only that they seek to allege "detailed allegations delving into the Bank's fraudulent investigation systems." [D.E. 53 at ¶ 16]. Without more, the Court lacks good cause to permit the First Amended Complaint to be filed under seal. Plaintiffs may, of course, redact any identifying information (e.g., bank account numbers, social security numbers, driver's license numbers, etc.). But the Court lacks the requisite cause to permit a sealed filing— especially of a complaint—and therefore denies Plaintiffs' Motion on this score. *See F.T.C. v. AbbVie Prods. LLC*, 713 F.3d 54, 62 (11th Cir. 2013) (explaining that "[a] complaint, which initiates judicial proceedings, is the cornerstone of every case, the very architecture of the lawsuit, and access to the complaint is almost always necessary if the public is to understand a court's decision"); *Ritchie v. Dolman*, No. 20-CV-61047, 2020 WL 6135051, at *4 (S.D. Fla. Oct. 19, 2020) (denying motion to

seal complaint where the movant failed to "overcome the strong presumption of public access").

## IV.    CONCLUSION

For the reasons set forth above, Plaintiffs' Motion [D.E. 53] is **GRANTED in part** and **DENIED in part**. On or before September 5, 2025, Plaintiffs shall file their First Amended Complaint on the docket. While Plaintiffs may redact any identifying information, Plaintiffs may not file the First Amended Complaint under seal.

Further, in light of the forthcoming First Amended Complaint, the Court denies as moot, and without prejudice, the following pending motions:

Defendant's Motion to Dismiss [D.E. 28];

Defendant's Motion to Stay Discovery Pending Motion to Dismiss [D.E. 32];

Defendant's Motion to Convert Motion to Dismiss into Motion for Summary Judgment [D.E. 33];

Defendant's Motion for Leave to Correct Motion to Dismiss [D.E. 34];

Plaintiffs' Motion for Extension of Time to File Response to Motion to Dismiss [D.E. 38];

Defendant's Motion for an Expedited Ruling on its Motion to Stay Discovery [D.E. 49];

Defendant's Motion for Leave to File Supplemental Brief on Jurisdiction and Venue [D.E. 57]; and

Plaintiffs' Motion to Amend/Correct its Reply in Support of this Motion for Leave to Amend [D.E. 58].

**DONE and ORDERED** in Chambers at Miami, Florida this 2nd day of September, 2025.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge