**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No.: 25-cv-20902-JB/Torres**

CARMEN A. HALABI, *et al.*,

Plaintiffs,

v.

MEGA BANK, *et al.*,

Defendants.
_______________________________________/

**ORDER ADOPTING IN PART REPORT AND RECOMMENDATIONS ON MOTION TO DISMISS AND ORDER DENYING MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

**THIS CAUSE** was referred to United States Magistrate Judge Edwin G. Torres for a Report and Recommendation on Defendant Mega Bank's Motion to Dismiss Plaintiffs' First Amended Complaint, ECF No. [88]. *See* ECF No. [70]. Magistrate Judge Torres filed a Report and Recommendation ("R&R"), recommending that (i) Mega Bank's Motion to Dismiss be granted, (ii) Plaintiffs' RICO claims against Mega Bank be dismissed with prejudice, and (iii) Plaintiffs' remaining claims against Mega Bank be dismissed for lack of personal jurisdiction. ECF No. [180]. Plaintiffs filed objections to the R&R (the "Objections"), ECF No. [191], to which Mega Bank responded, ECF No. [193].

This Court has a duty to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b). It also may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* The Court,

having conducted a *de novo* review of the record and the issues presented in Plaintiffs' Objections, agrees with Magistrate Judge Torres that the allegations in Plaintiffs' First Amended Complaint fail to state a RICO claim against Mega Bank and that the Court lacks personal jurisdiction over this Defendant. However, the Court finds that Plaintiffs' RICO claims should be dismissed without prejudice given that the deficiency lies in Plaintiffs' failure to allege adequate facts, rather than an inability to state a RICO claim as a matter of law.

The Court notes that Plaintiffs did not file a motion for leave to amend before Judge Torres issued his R&R, nor did they request leave to amend in their Response to Mega Bank's Motion to Dismiss. Rather, Plaintiffs filed a Motion for Leave to File Second Amended Complaint on May 18, 2026—*three weeks after* Magistrate Judge Torres issued his R&R and nearly *one year after* the deadline to amend pleadings set forth in the Court's Scheduling Order had expired. *See* ECF Nos. [24], [190]. Having reviewed the parties' submissions, the pertinent portions of the record, and the relevant authorities, the Court concludes that Plaintiffs have not demonstrated good cause under Federal Rule of Civil Procedure (16(b)(4) to permit untimely amendment.

Accordingly, after careful consideration, it is hereby **ORDERED AND ADJUDGED** that:

1. Plaintiffs' Objection to the dismissal of their RICO claims against Mega Bank with prejudice is **SUSTAINED** and Plaintiffs' remaining Objections are **OVERRULED**.

2. United States Magistrate Judge Torres's Report and Recommendation, ECF No. [180], is **AFFIRMED AND ADOPTED IN PART** as set forth herein.

3. Mega Bank's Motion to Dismiss Plaintiffs' First Amended Complaint, ECF No. [88], is **GRANTED**.

4. Plaintiffs' Motion for Leave to File Second Amended Complaint, ECF No. [190], is **DENIED**.

5. Plaintiffs' claims against Mega Bank are **DISMISSED WITHOUT PREJUDICE** and without leave to amend.

**DONE AND ORDERED** in Miami, Florida, this 13th day of August, 2026.

**JACQUELINE BECERRA**
**UNITED STATES DISTRICT JUDGE**