**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No.: 25-cv-20902-JB/Torres**

CARMEN A. HALABI, *et al.*,

Plaintiffs,

v.

MEGA BANK, *et al.*,

Defendants.
_______________________________________/

**ORDER ADOPTING REPORT AND RECOMMENDATIONS**

**THIS CAUSE** was referred to the Honorable Edwin G. Torres, United States Magistrate Judge, for a Report and Recommendation on all dispositive matters. ECF No. [70]. On September 2, 2026, Magistrate Judge Torres issued a Report and Recommendations ("R&R") on Plaintiffs' Motion for Deferred Final Default Judgment, ECF No. [133], recommending that the Motion be granted in part, denied in part, and deferred in part. *See* ECF No. [202]. Plaintiffs filed objections to portions of the R&R, requesting that the Court decline to adopt certain statements contained therein (the "Objection"). ECF No. [204].

This Court has a duty to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b). It also may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* The Court, having conducted a *de novo* review of the record and the issues presented in Plaintiffs'

Objection, agrees with the findings and conclusions that Magistrate Judge Torres made in the R&R.

Accordingly, after careful consideration, it is hereby **ORDERED AND ADJUDGED** that:

1. Plaintiff's Objection, ECF No. [204], is **OVERRULED**.

2. United States Magistrate Judge Torres's Report and Recommendations, ECF No. [202], are **AFFIRMED AND ADOPTED**.

3. Plaintiffs' Motion for Deferred Default Judgment, ECF No. [133], is **GRANTED IN PART AND DENIED IN PART** as follows:

a. Default judgment on liability is **entered** against Defendants Zephyrsyne Limited, Embermingle Limited, and Bestova Trading Limited on **Count I** (Civil Conspiracy), **Count J** (Fraud), and **Count L** (Breach of Fiduciary Duty).

b. Default judgment on liability is **entered** against Defendant Zephyrsyne Limited on **Count F** (Unjust Enrichment) and **Count K** (Conversion). That portion of Plaintiffs' Motion which requests a default judgment on liability against Defendants Embermingle Limited and Bestova Trading Limited as to **Count F** (Unjust Enrichment) and **Count K** (Conversion) is **denied**.

c. That portion of Plaintiffs' Motion which requests a default judgment against Defendants Zephyrsyne Limited, Embermingle Limited, and Bestova Trading Limited as to **Count H** (Intentional Infliction of Emotional Distress) is **denied**.

d. Plaintiffs are entitled to a constructive trust under **Count M**, but Plaintiffs' request for imposition of a constructive trust is **denied without prejudice** to Plaintiffs filing an amended motion for default judgment that identifies the specific traceable property to be impressed.

e. That portion of Plaintiffs' Motion which requests a default judgment as to **Counts A, B, C, and D** (RICO and RICO conspiracy) is **denied without prejudice** to Plaintiffs filing an amended motion for default judgment, along with a supplemental memorandum, that addresses closed-ended and open-ended continuity as to the Scammer Enterprise and the effect of the Court's Report and Recommendation and Dismissal Order on that question.

f. Compensatory damages are fixed in the amount of **$1,505,571.99** in favor of both Plaintiffs jointly. However, the allocation of this amount between each Plaintiff is a matter that Plaintiffs must address in their amended motion for default judgment, and the Court will address it at that time.

g. Plaintiffs are entitled to pre-judgment interest under Fla. Stat. §§ 55.03 and 687.01 in the amount of **$274,691.07** through August 19, 2026, which accrues at the rate of **$332.46 per day** until final judgment is entered.

h. That portion of Plaintiffs' Motion which requests treble damages and attorney's fees under 18 U.S.C. § 1964(c) is **denied without prejudice**. Plaintiffs can request these remedies in their amended motion for default judgment and supporting memorandum with respect to **Counts A, B, C, and D**, and the Court will address it at that time.

i. That portion of Plaintiffs' Motion which requests recovery of emotional distress damages and punitive damages is **denied**.

4. The Court recognizes that on September 16, 2026, Plaintiffs filed their Supplemental Memorandum with respect to Counts A, B, C, and D. ECF No. [206]. However, an amended motion for default judgment, as described herein, is still required. Plaintiffs shall file their amended motion for default judgment by **October 2, 2026**.

5. The Court will separately enter final judgment following resolution of Plaintiffs' anticipated amended motion for default judgment.

**DONE AND ORDERED** in Miami, Florida, this 18th day of September, 2026.

**JACQUELINE BECERRA**
**UNITED STATES DISTRICT JUDGE**