**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-cv-20902-JB/Torres**

CARMEN A. HALABI, *et al.*,

*Plaintiffs*,

v.

MEGA BANK,

*Defendant*.
______________________________________/

**MEGA BANK'S REPLY MEMORANDUM IN SUPPORT OF ITS BILL OF COSTS**

Defendant Mega Bank ("Mega"), pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure, S.D. Fla. L.R. 7.3(c), and 28 U.S.C. § 1920, files its Reply Memorandum in Support of its Bill of Costs regarding the taxable costs to be assessed against the plaintiffs, Carmen A. Halabi and ALCAD 1737, Ltd. ("the Plaintiffs"), and states:

**REPLY**

S.D. Fla. L.R. 7.3(C) provides, in pertinent part: "[a] bill of costs pursuant to 28 U.S.C. §1920 shall be filed and served within thirty (30) days of entry of final judgment *or other appealable order* that gives rise to a right to tax costs under the circumstances listed in 28 U.S.C. §1920." (emphasis added).

On August 14, 2026, the Court entered an order dismissing Plaintiffs' claims against Mega without prejudice (the "Order"). However, as Plaintiffs acknowledge (*see* Plaintiffs' Response, p.2), they were not granted leave to amend their complaint. Accordingly, all claims against Mega have been dismissed and the Plaintiffs cannot amend their complaint to correct those deficiencies.

It is undisputed that there has not been an entry of final judgment in this case. Therefore, the analysis hinges solely on whether there has been an appealable order that gives rise to a right to tax costs under the circumstances listed in 28 U.S.C. §1920.

The Eleventh Circuit's opinion in *Solis v. CitiMortgage, Inc*., 700 Fed. Appx. 965, 967 (11th Cir. 2017) is instructive here. There, the court explained that: "Generally, an involuntary dismissal of a complaint without prejudice is a final, appealable order. Thus, a dismissal without prejudice that closes the case without granting the plaintiff leave to amend or re-file is a final order."

The Court's Order dismissing Plaintiffs' claims against Mega without prejudice expressly denied Plaintiffs leave to amend their complaint to correct the pleading deficiencies. In fact, it highlighted how long plaintiffs delayed in seeking leave to amend ("*three weeks after* Magistrate Judge Torres issued his R&R and nearly *one year after* the deadline to amend pleadings set forth in the Court's Scheduling Order had expired") (emphasis in original). *See* ECF No. 199. No mention of whether Plaintiff is permitted to re-file is made in the Order. In an abundance of caution, Mega filed its Bill of Costs and supporting memorandum within 30 days of entry of that order to avoid any possibility of waiving its right to the same.

With respect to the specific costs, Mega stands on its positions raised in its original memorandum.

If this Court were to determine that the filing was premature and should have been filed after Mega prevails on any re-filed complaint, then Mega Bank requests that the Court defer ruling on the individual costs until such time so that the entirety of the costs due to Mega can be calculated and so that the use, if any, to which the transcripts and video are put in any subsequent proceeding can be demonstrated.

Conclusion

Mega Bank respectfully reiterates its requests this Honorable Court tax the costs listed in its Bill of Costs against the Plaintiffs in the amount of $27,437.26 and grant such further relief deemed necessary and proper

Dated: October 5, 2026

/s/ *James S. Czodli*

James S. Czodli (Fla. Bar No. 123523)
jczodli@carltonfields.com
Merrick Gross (Fla. Bar No. 716677)
mgross@carltonfields.com
CARLTON FIELDS, P.A.
2 Miami Central
700 NW 1st Avenue, Ste. 1200
Miami, Florida 33136-4118
Telephone: (305) 530-0050
Facsimile: (305) 530-0055

*/s/ Thomas M. Robins III*

Thomas M. Robins III
FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 Wilshire Boulevard, Nineteenth Floor
Los Angeles, California 90017-2427
Telephone: (323) 852-1000
Fax: (323) 651-2577
trobins@frandzel.com

*Attorneys for Defendant*
*MEGA BANK*